[Cite as *Kern v. State*, 2014-Ohio-1740.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Thomas D. Kern, | : | |
| Plaintiff-Appellant, | : | Nos. 12AP-1018 and 13AP-454 |
| v. | : | (C.P.C. No. 11CV-014833) |
| State of Ohio, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 24, 2014

*Marshall D. Wisniewski*, for appellant.

*Michael DeWine*, Attorney General, and *Debra Gorrell Wehrle*, for appellee.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Thomas D. Kern ("appellant"), appeals from a decision of the Franklin County Court of Common Pleas denying his motion for summary judgment and granting the motion for summary judgment filed by defendant-appellee, State of Ohio (the "state"), on appellant's complaint seeking a declaration that he was a "wrongfully imprisoned individual" pursuant to R.C. 2743.48. Appellant also appeals from the trial court's decision denying his motion for relief from that judgment. Because we conclude that appellant did not satisfy the statutory criteria to be declared a "wrongfully imprisoned individual," we affirm.

{¶ 2} Ohio law provides for a two-step procedure to compensate individuals who have been wrongfully imprisoned. In the first step, a claimant must file a civil action in the court of common pleas seeking a determination that he is a wrongfully imprisoned

individual. Once the court of common pleas has determined that the claimant was wrongfully imprisoned, the claimant may then initiate the second step by filing a civil action in the Court of Claims to recover monetary damages. *See* R.C. 2743.48(B); *Doss v. State*, 135 Ohio St.3d 211, 2012-Ohio-5678, ¶ 10. Appellant commenced this action by filing a complaint in the Franklin County Court of Common Pleas seeking an order declaring that he was a wrongfully imprisoned individual.[1] The parties filed cross-motions for summary judgment with attached evidentiary materials.

{¶ 3} As relevant to this appeal, the pleadings and evidence established the following facts. On August 21, 2003, appellant was indicted in the Wood County Court of Common Pleas on one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1), a felony of the third degree. On February 2, 2004, appellant entered a plea of no contest to an amended charge of aggravated vehicular assault in violation of R.C. 2903.08(A)(2), a felony of the third degree. Pursuant to his no-contest plea, on March 29, 2004, the Wood County Court of Common Pleas sentenced appellant to four years' imprisonment. Appellant was granted judicial release on November 29, 2004. Appellant's judicial release was revoked on June 4, 2007, and his original sentence was re-imposed, with credit for prior time served. Appellant subsequently filed a motion to correct his judgment of conviction because it did not include the plea, means of conviction, and sentence in one judgment. *State v. Kern*, 6th Dist. No. WD-09-051, 2010-Ohio-5508, ¶ 10. Based on that motion, on June 8, 2009, the Wood County Court of Common Pleas issued an amended judgment and imposed the same sentence. *Id.* Appellant also moved to vacate his sentence. On appeal from the amended judgment and denial of the motion to vacate, the Sixth District Court of Appeals held that the trial court erred by failing to inform appellant that his no-contest plea subjected him to a mandatory prison term. *Id.* at ¶ 19. The appellate court vacated the no-contest plea and remanded the case to the trial court for further proceedings. *Id.* at ¶ 20. Following the appellate court's remand, on

---

[1] We note that the underlying conviction that forms the basis for appellant's wrongful-imprisonment claim occurred in the Wood County Court of Common Pleas. At the time appellant filed his wrongful-imprisonment complaint, in December 2011, the relevant jurisdictional statutes, R.C. 2305.02 and 2743.48(B), provided that any court of common pleas had jurisdiction to hear and determine an action seeking a determination that an individual was wrongfully imprisoned. The statutes subsequently have been amended to provide that the action must be filed in the court of common pleas in the county where the underlying criminal action was initiated. *See* 2012 Am.Sub.H.B. No. 487.

July 18, 2011, appellant entered a plea of no contest to an amended charge of vehicular assault in violation of R.C. 2903.08(A)(3), a misdemeanor of the first degree. Appellant was sentenced to 180 days' imprisonment, with credit for time served.

{¶ 4} The trial court granted the state's motion for summary judgment and denied appellant's motion for summary judgment, concluding that appellant failed to demonstrate that he satisfied all of the requirements to be declared a wrongfully imprisoned individual under R.C. 2743.48(A). Appellant subsequently filed a motion for relief from judgment pursuant to Civ.R. 60(B), asserting that a sentencing entry upon which the trial court relied in granting summary judgment for the state had been vacated.[2] The trial court denied the motion for relief from judgment, concluding that, even in light of the revised sentencing entry, appellant failed to satisfy the requirements under R.C. 2743.48(A).

{¶ 5} Appellant appeals from the judgment denying his motion for summary judgment and granting the state's motion for summary judgment. He also appeals from the decision denying his motion for relief from judgment. In this consolidated appeal, appellant assigns three errors for this court's review:

> ASSIGNMENT OF ERROR NO. 1
>
> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DENIED PLAINTIFF/APPELLANT'S MOTION FOR SUMMARY JUDGMENT, DESPITE HIS SHOWING THERE WAS NO DISPUTE AS TO ANY MATERIAL FACTS, AND AFTER CONSTRUING THEM IN THE STATE'S FAVOR, AND APPLYING SAME TO CONTROLLING AUTHORITY, REASONABLE MINDS COULD ONLY CONCLUDE HE WAS A "WRONGFULLY IMPRISONED INDIVIDUAL," UNDER REVISED CODE SECTION 2743.48(A); [sic] AS A MATTER OF LAW.
>
> ASSIGNMENT OF ERROR NO. 2
>
> THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, WHEN IT GRANTED THE STATE'S MOTION FOR

---

[2] On July 25, 2011, the Wood County Court of Common Pleas entered a judgment entry indicating that appellant pled guilty to an amended charge of vehicular assault. Subsequently, on January 22, 2013, the court entered a nunc pro tunc judgment entry indicating that appellant entered a no-contest plea to that charge.

SUMMARY JUDGMENT, BECAUSE THE COURT FAILED TO CONSTRUE BOTH THE UNDISPUTED MATERIAL FACTS, AND THE VAGUE AND IMPRECISE TERMS OF [R.C.] 2748.48(A) [sic] TO HIS BEST INTEREST UNDER CIVIL RULE 56.

ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR UPON REMAND WHEN IT ABUSED ITS DISCRETION BY DENYING PLAINTIFF/APPELLANT'S CIV. R. 60(B) MOTION BECAUSE IT CONTINUED TO RULE HE MUST STILL PROVE HIS ACTUAL INNOCENCE IN THIS REVISED CODE § 2743.48(A)(5), "ERROR IN PROCEDURE" CASE.

{¶ 6}    In his first assignment of error, appellant asserts that the trial court erred by denying his motion for summary judgment on his wrongful-imprisonment claim. Generally, the denial of a summary judgment motion is not a final, appealable order. *Stevens v. Maxson*, 10th Dist. No. 12AP-672, 2013-Ohio-5792, ¶ 8. In this case, the trial court's order is final and appealable because it also granted the state's motion for summary judgment, thereby disposing of all claims. *See, e.g., Anderson v. Consumer Portfolio Servs., Inc.*, 10th Dist. No. 12AP-339, 2012-Ohio-4380, ¶ 6 ("The trial court's initial grant of summary judgment in this case disposed of all claims against all parties and was a final appealable order."). In appellant's second assignment of error, appellant argues that the trial court erred by granting the state's motion for summary judgment. The trial court denied appellant's motion for summary judgment for the same reason it granted the state's motion for summary judgment—i.e., the state was entitled to judgment as a matter of law because appellant did not satisfy all of the elements of R.C. 2743.48(A). Therefore, we will consider appellant's first and second assignments of error together.

{¶ 7}    We review a trial court's grant of summary judgment de novo. *Capella III, L.L.C. v. Wilcox,* 190 Ohio App.3d 133, 2010-Ohio-4746, ¶ 16 (10th Dist.), citing *Andersen v. Highland House Co.,* 93 Ohio St.3d 547, 548 (2001). "De novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal citations omitted.) *Holt v. State,* 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9. Summary judgment is appropriate where "the

moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Capella III* at ¶ 16, citing *Gilbert v. Summit Cty.,* 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. In ruling on a summary judgment motion, the court must resolve all doubts and construe the evidence in favor of the nonmoving party. *Pilz v. Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.

{¶ 8} Under R.C. 2743.48(A), a "wrongfully imprisoned individual" is an individual who satisfies each of the following criteria:

> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony or felony.
>
> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony or felony.
>
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
>
> (4) The individual's conviction was vacated, dismissed, or reversed on appeal, the prosecuting attorney in the case cannot or will not seek any further appeal of right or upon leave of court, and no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation against the individual for any act associated with that conviction.
>
> (5) Subsequent to sentencing and during or subsequent to imprisonment, an error in procedure resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated that the charged offense, including all lesser-included offenses, either was not committed by the individual or was not committed by any person.

{¶ 9} The trial court concluded that appellant satisfied R.C. 2743.48(A)(1) and (3). We agree. Appellant was indicted on one charge of aggravated vehicular assault in violation of R.C. 2903.08(A)(1), a felony of the third degree. Thus, appellant was "charged with a violation of a section of the Revised Code by an indictment * * * and the violation charged was an aggravated felony or felony." R.C. 2743.48(A)(1). Similarly, as a result of his conviction, appellant was sentenced to a term of four years' imprisonment. This satisfied the criteria of having been "sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which [he] was found guilty." R.C. 2743.48(A)(3).

{¶ 10} The trial court granted summary judgment in favor of the state, however, based on its conclusion that appellant failed to satisfy R.C. 2743.48(A)(2), (4), and (5). Under R.C. 2743.48(A)(4), appellant was required to establish that his conviction was vacated, dismissed or reversed on appeal, that the prosecuting attorney cannot or will not seek any further appeal, *and* that "no criminal proceeding is pending, can be brought, or will be brought by any prosecuting attorney * * * against the individual for any act associated with that conviction." The Sixth District Court of Appeals vacated appellant's conviction for aggravated vehicular assault. *Kern* at ¶ 19. It appears that the Wood County prosecuting attorney did not pursue any further appeal of the Sixth District's decision. Therefore, appellant established the first two elements of R.C. 2743.48(A)(4). However, appellant cannot demonstrate that "no criminal proceeding is pending, can be brought, or will be brought * * * for any act associated with that conviction" because, on remand from the court of appeals decision vacating his conviction, the prosecuting attorney continued the criminal proceeding against appellant. Ultimately, appellant pled no contest to an amended charge of misdemeanor vehicular assault and was convicted of that charge pursuant to his plea. Therefore, appellant cannot satisfy the requirements of R.C. 2743.48(A)(4).

{¶ 11} Appellant argues that, subsequent to a 2003 amendment to the statute, R.C. 2743.48(A)(4) should only apply to wrongful-imprisonment claims based on "actual innocence" but not claims based on "error in procedure." This court has previously discussed the legislative history of R.C. 2743.48(A) in *Hill. See Hill* at ¶ 9-15. We agree that following the 2003 amendment, a wrongful-imprisonment claimant may prove either

that " '(1) subsequent to sentencing and during or subsequent to imprisonment, "an error in procedure resulted in the individual's release" or (2) the charged offense (and any lesser included offense) was not committed by the individual or no crime was committed at all (actual innocence).' " *Hill* at ¶ 17, quoting *Doss* at ¶ 12. However, the "error in procedure"/"actual innocence" dichotomy applies to R.C. 2743.48(A)(5), not R.C. 2743.48(A)(4). As the Supreme Court of Ohio has held, "we must apply the [wrongful imprisonment] statute as it is written." *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, ¶ 17. "[T]he statute expressly provides that to demonstrate that he is a 'wrongfully imprisoned individual' pursuant to R.C. 2743.48, the claimant must satisfy *each* of the provisions of R.C. 2743.48(A)(1) through (5)." (Emphasis sic.) *Id.* "The use of the phrase 'no criminal proceedings * * * can * * * or will be brought' was clearly intended by the General Assembly to bar recovery to a claimant against whom criminal proceedings are still factually supportable and legally permissible following reversal." *LeFever v. State*, 10th Dist. No. 12AP-1034, 2013-Ohio-4606, ¶ 26. In this case, criminal proceedings were still factually supportable and legally permissible following reversal of appellant's conviction, as evidenced by the fact that he pled no contest to and was convicted of an amended charge. "The plain language of [R.C. 2743.48(A)(4)] contains no qualifications and permits no exceptions." *Id.* Appellant's failure to satisfy R.C. 2743.48(A)(4) precludes him from being declared a wrongfully imprisoned individual; therefore, we need not reach the question of whether he satisfied subsection (A)(2) and (5) of the statute.

{¶ 12} Based on the foregoing analysis, we conclude that the state was entitled to judgment as a matter of law on appellant's wrongful-imprisonment claim because there was no genuine issue of material fact, and reasonable minds could only conclude that appellant failed to demonstrate that he satisfied all of the requirements under R.C. 2743.48(A) to be declared a wrongfully imprisoned individual. Therefore, the trial court did not err by granting the state's motion for summary judgment and denying appellant's motion for summary judgment.

{¶ 13} Accordingly, we overrule appellant's first and second assignments of error.

{¶ 14} In appellant's third assignment of error, he argues that the trial court erred by denying his motion for relief from judgment under Civ.R. 60(B). We review a trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B) for

abuse of discretion. *Winona Holdings, Inc. v. Duffey,* 10th Dist. No. 10AP-1006, 2011-Ohio-3163, ¶ 12. An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983).

{¶ 15} A party seeking relief from judgment under Civ.R. 60(B) "must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The movant must establish all three of the requirements to obtain relief from judgment. *Duffey* at ¶ 13.

{¶ 16} Appellant argued that he was entitled to relief from judgment under Civ.R. 60(B)(4) and (5). In relevant part, Civ.R. 60(B)(4) provides that a party may be relieved from a judgment when "a prior judgment upon which it is based has been reversed or otherwise vacated." Civ.R. 60(B)(5) provides for relief from judgment for "any other reason justifying relief from judgment." Appellant's claim for relief from judgment turned on the fact that the Wood County Court of Common Pleas vacated the judgment entry indicating that he had pled guilty to an amended charge of misdemeanor vehicular assault and entered a nunc pro tunc entry indicating that he pled no contest to that charge. Assuming for purposes of analysis that this was sufficient to satisfy the second element of the *GTE* test, appellant failed to satisfy the first element by demonstrating that he had a meritorious claim to present if the trial court granted relief from judgment. Appellant asserted that, if leave from judgment was granted, he would immediately seek to file a supplemental motion for summary judgment. However, appellant would still have been unable to satisfy the statutory requirements to be declared a wrongfully imprisoned individual. Regardless of whether he pled guilty or pled no contest to the amended charge of misdemeanor vehicular assault, appellant would still be unable to satisfy R.C. 2743.48(A)(4) because the prosecuting attorney could and did continue the criminal proceeding against him for an act associated with his original conviction. Therefore, the trial court did not abuse its discretion by denying the motion for relief from judgment.

{¶ 17} Accordingly, we overrule appellant's third assignment of error.

{¶ 18} For the foregoing reasons, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concurs.

_____