[Cite as *State v. Hillman*, 2018-Ohio-3762.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-198 |
| v. | : | (C.P.C. No. 95CR-2298) |
| Robert L. Hillman, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 18, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Robert L. Hillman*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Robert L. Hillman, appeals from a judgment of the Franklin County Court of Common Pleas denying appellant's motion to make a determination of wrongful arrest and incarceration. Because the trial court correctly found that appellant's motion was procedurally improper, we affirm that judgment.

**PROCEDURAL HISTORY**

{¶ 2} In 1995, appellant was charged with aggravated burglary and criminal trespass. The case was tried to a jury and appellant was acquitted on both counts.

{¶ 3} In February 2018, appellant filed, pro se, what the trial court construed as a motion requesting a determination of wrongful arrest and incarceration pursuant to R.C. 2743.48. Appellant filed his motion in his original criminal case (Franklin C.P. No. 95CR-

2298) and sought monetary damages for wrongful imprisonment for the period of time he was held in a Franklin County jail prior to his acquittal of the criminal charges. Appellant attached a memorandum in support of his motion. The trial court denied the motion.

{¶ 4} Appellant appeals assigning the following error:

> The appellant contends that the trial court denied him substantive due process, and equal protection of the law in violation of his 1st, 5th, and 14th amendment rights under the United States Constitutions when the trial court deliberately recharacterized appellant's pleading, and than decided said issue never raised by appellant.

(Sic passim.)

**LEGAL ANALYSIS**

{¶ 5} R.C. 2743.48(B)(1) permits a person to file a civil action to be declared a "wrongfully imprisoned individual" in the court of common pleas in the county where the underlying criminal action was initiated. The civil action is separate from the underlying criminal case. *Id.*; *Kern v. State*, 10th Dist. No. 12AP-1018, 2014-Ohio-1740, ¶ 2 (claimant must file a civil action to initiate claim for wrongful imprisonment). Here, appellant filed a motion in his underlying criminal case seeking relief for wrongful imprisonment rather than initiating a civil action as required by R.C. 2743.48(B)(1). Because appellant did not initiate a civil action, the trial court did not err when it denied appellant's motion as procedurally improper. Therefore, appellant's assignment of error is overruled, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and SADLER, J., concur.

———————————