[Cite as *Brandon v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-418.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Ronald J. Brandon,                             :

      Plaintiff-Appellant,              :

v.                                             :          No. 20AP-211
                                           (Ct. of Cl. No. 2019-01191JD)

Ohio Department of Rehabilitation and          :
Correction,                                            (ACCELERATED CALENDAR)

                                        :

      Defendant-Appellee.              :

D E C I S I O N

Rendered on February 16, 2021

**On brief:** *Ronald J. Brandon*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Amy S. Brown*, for appellee.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, Ronald J. Brandon, appeals from a judgment of the Court of Claims of Ohio granting the motion to dismiss of defendant-appellee, Ohio Department of Rehabilitation and Correction. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 5, 2014, appellant was indicted by a Muskingum County Grand Jury on one count of possession of drugs in violation of R.C. 2925.11(A), a felony of the fourth degree, and one count of possession of drugs in violation of R.C. 2925.11(A), a minor misdemeanor.

{¶ 3} On May 22, 2014, appellant filed a motion to suppress evidence arguing that law enforcement engaged in an unlawful search and seizure of his person and vehicle. On June 3, 2014, the Muskingum County Court of Common Pleas conducted a suppression hearing. At the close of the hearing, appellant's motion to suppress was denied. On June 4, 2014, appellant pleaded no contest to possession of drugs in violation of R.C. 2925.11(A) and was later sentenced to an 11-month term of incarceration.

{¶ 4} Appellant filed a notice of appeal with the Fifth District Court of Appeals, which remanded the case back to the trial court to make additional findings of fact and conclusions of law based on evidence presented at the suppression hearing. *State v. Brandon*, 5th Dist. No. CT2014-0039, 2015-Ohio-2072, ¶ 14. On July 2, 2015, the Muskingum County trial court filed findings of fact and conclusions of law addressing the denial of appellant's motion to suppress. Appellant filed a timely appeal with the Fifth District Court of Appeals on August 3, 2015. On January 25, 2016, the Fifth District reversed the trial court's denial of appellant's motion to suppress and remanded the case for further proceedings consistent with the judgment. *State v. Brandon*, 5th Dist. No. CT2015-0039, 2016-Ohio-271, ¶ 27. The case was later dismissed.

{¶ 5} On December 27, 2019, appellant filed a complaint with the Court of Claims of Ohio. On January 21, 2020, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6) arguing the trial court lacked jurisdiction over the case as appellant had failed to first obtain a declaration of wrongful imprisonment. On February 3, 2020, appellant filed a combined motion to strike under Civ.R. 12(F) and a motion for leave to amend under Civ.R. 15(A). On March 3, 2020, the trial court granted appellee's motion to dismiss finding that it lacked jurisdiction over the claim as appellant failed to obtain a preliminary factual determination that he was a wrongfully imprisoned individual from the court of common pleas as required by R.C. 2743.48. The trial court denied appellant's motions as moot concluding neither motion would have revived appellant's claim.

{¶ 6} Appellant filed a timely appeal.

## II. ASSIGNMENT OF ERROR

{¶ 7} Appellant assigns the following as trial court error:

> The trial court abused its discretion in denying relief and granting defendant's motion to dismiss.

### III.  LEGAL ANALYSIS

{¶ 8}    In his sole assignment of error, appellant argues the trial court erred granting appellee's motion to dismiss.  For the reasons that follow, we disagree.

{¶ 9}    Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation.  When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum.  *T & M Machines, LLC v. Yost*, 10th Dist. No. 19AP-124, 2020-Ohio-551, ¶ 9.  "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' "  *Lowery v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-730, 2015-Ohio-869, ¶ 6, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14.

{¶ 10}  A motion to dismiss under Civ.R. 12(B)(6) tests the sufficiently of the complaint.  "In order for a court to dismiss a case pursuant to Civ.R. 12(B)(6) 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' "  *T & M Machines, LLC* at ¶ 10, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 11}  In reviewing a motion to dismiss, we consider all factual claims alleged in the complaint as true.  *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  We review a judgment rendered on Civ.R. 12(B)(1) or (6) de novo.  *T & M Machines, LLC* at ¶ 11, citing *Pankey v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-701, 2014-Ohio-2907, ¶ 7; *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9, citing *Perrysburg* at ¶ 5.

{¶ 12}  The Ohio General Assembly enacted R.C. 2305.02 and 2743.48 to allow civil actions against the state by certain wrongfully imprisoned individuals.  *Walden v. State*, 47 Ohio St.3d 47, 49 (1989).  As set forth in R.C. 2743.48, a complainant must follow a two-step process to be declared a "wrongfully imprisoned individual."  *Kern v. State*, 10th Dist. No. 12AP-1018, 2014-Ohio-1740, ¶ 2.  First, complainant "may file a civil action to be declared a wrongfully imprisoned individual in the court of common pleas in the county where the underlying criminal action was initiated."  R.C. 2743.48(B)(1).  R.C. 2305.02

provides exclusive jurisdiction to the court of common pleas where the underlying criminal action was initiated to hear and resolve whether complainant satisfies provisions (A)(1) through (A)(5) of R.C. 2743.48. In order to be declared a "wrongfully imprisoned individual" a complainant must meet the following five criteria:

> (1) The individual was charged with a violation of a section of the Revised Code by an indictment or information, and the violation charged was an aggravated felony, felony, or misdemeanor.
>
> (2) The individual was found guilty of, but did not plead guilty to, the particular charge or a lesser-included offense by the court or jury involved, and the offense of which the individual was found guilty was an aggravated felony, felony, or misdemeanor.
>
> (3) The individual was sentenced to an indefinite or definite term of imprisonment in a state correctional institution for the offense of which the individual was found guilty.
>
> (4) The individual's conviction was vacated, dismissed, or reversed on appeal and all of the following apply:
>
> (a) No criminal proceeding is pending against the individual for any act associated with that conviction.
>
> (b) The prosecuting attorney in the case, within one year after the date of the vacating, dismissal, or reversal, has not sought any further appeal of right or upon leave of court, provided that this division does not limit or affect the seeking of any such appeal after the expiration of that one-year period as described in division (C)(3) of this section.
>
> (c) The prosecuting attorney, city director of law, village solicitor, or other chief legal officer of a municipal corporation, within one year after the date of the vacating, dismissal, or reversal, has not brought a criminal proceeding against the individual for any act associated with that conviction, provided that this division does not limit or affect the bringing of any such proceeding after the expiration of that one-year period as described in division (C)(3) of this section.
>
> (5) Subsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that

occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release, or it was determined by the court of common pleas in the county where the underlying criminal action was initiated either that the offense of which the individual was found guilty, including all lesser-included offenses, was not committed by the individual or that no offense was committed by any person. In addition to any other application of the provisions of this division regarding an error in procedure that occurred prior to, during, or after sentencing, as those provisions exist on and after the effective date of this amendment, if an individual had a claim dismissed, has a claim pending, or did not file a claim because the state of the law in effect prior to the effective date of this amendment barred the claim or made the claim appear to be futile, those provisions apply with respect to the individual and the claim and, on or after that effective date, the individual may file a claim and obtain the benefit of those provisions.

R.C. 2743.48(A)(1) through (A)(5).

{¶ 13} Once the trial court determines that a person qualifies as a wrongfully imprisoned individual, complainant may then file a civil claim against the state in the Court of Claims. R.C. 2743.48(D) and (E). Complainant may demonstrate that he is a wrongfully imprisoned individual by filing "a certified copy of the judgment entry of the court of common pleas associated with the claimant's conviction and sentencing, and a certified copy of the entry of the determination of the court of common pleas that the claimant is a wrongfully imprisoned individual under division (B)(2) of this section." R.C. 2743.48(E)(1).

{¶ 14} Here, appellant has failed to comply with R.C. 2743.48 by not obtaining a preliminary factual determination from the court of common pleas that he qualifies as a wrongfully imprisoned individual. Appellant's obligation to obtain such a determination by the court of common pleas is a "mandatory prerequisite to jurisdiction in the Court of Claims." *Dvorak v. Pickaway Corr. Inst.*, 10th Dist. No. 02AP-452, 2002-Ohio-6447, ¶ 21. As such, the Court of Claims lacks jurisdiction over appellant's claim for wrongful imprisonment.

{¶ 15} While appellant concedes that he did not obtain a determination of wrongful imprisonment from the court of common pleas in accordance with R.C. 2743.48, he argues "false imprisonment" and "wrongful imprisonment" are synonymous, and the trial court should have converted appellee's motion to dismiss as a motion for a more definitive statement. We find this argument to be without merit.

{¶ 16} False imprisonment and wrongful imprisonment are distinct causes of action under Ohio law. As set forth previously, R.C. 2305.02 and 2743.48 provide an avenue for compensation for a wrongfully imprisoned individual. While R.C. 2743.48 was initially drafted to provide recovery based on a demonstration of actual innocence, the statutory language has been amended to include individuals who " '[s]ubsequent to sentencing or during or subsequent to imprisonment, an error in procedure was discovered that occurred prior to, during, or after sentencing, that involved a violation of the Brady Rule which violated the individual's rights to a fair trial under the Ohio Constitution or the United States Constitution, and that resulted in the individual's release.' " *Lemons v. State*, 8th Dist. No. 109188, 2020-Ohio-5619, ¶ 17, quoting R.C. 2743.48(A)(5).

{¶ 17} Conversely, the cause of action for "[f]alse imprisonment occurs when a person intentionally confines another, without a lawful privilege and against that person's consent, within a limited area for any appreciable time." *Baker v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 12, citing *Feliciano v. Krieger,* 50 Ohio St.2d 69, 71 (1977). While the state may be held liable for false imprisonment of its prisoners under R.C. 2743.02, a defendant may not be held liable on a claim "when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face." *Fisk v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-432, 2011-Ohio-5889, ¶ 12, citing *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 9. To prevail on a claim for false imprisonment against the state, a person must be able to demonstrate: "(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists." *Wash v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-830, 2020-Ohio-3385, ¶ 22. R.C. 2743.48 was not intended to replace the common law tort of false imprisonment "but, rather, supplements it to allow a recovery in some cases when recovery

was not [] available before." *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 111 (1991).

{¶ 18} Here, appellant's complaint unequivocally alleges a cause of action for wrongful conviction and is devoid of any reference to the common law tort of false imprisonment. While appellant, for the first time, uses the phrase "false imprisonment" in the body of his combined motion, appellant is referencing the wrongful imprisonment claim as evidenced by his repeated citations to R.C. 2743.48. Moreover, appellant makes no attempt in either of his motions to amend his original complaint to bring a new cause of action.[1]

{¶ 19} Regardless, even if we were to consider appellant's claim for false imprisonment as included in the December 27, 2019 complaint, the statute of limitations has expired before this action was commenced. Pursuant to R.C. 2743.16, actions against the State of Ohio must be brought within two years unless specified otherwise. R.C. 2305.11 states that the cause of action for false imprisonment must be brought by one year after the cause of action accrues, i.e. the date appellant was released from prison. *Stubbs v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-484, 2012-Ohio-1374, ¶ 17, citing *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 10, citing R.C. 2305.11. In the present case, appellant states that he was released from prison on July 1, 2015. As such, appellant's claim for false imprisonment is time-barred.

{¶ 20} Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 21} Having overruled appellant's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____

---

[1] In his combined motion, appellant asks for leave to amend the named defendant from Ohio Department of Rehabilitation and Correction to the State of Ohio and to modify the alleged damages.