[Cite as *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-1642.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Theodore Jackson, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 20AP-233 |
| v. | : | (Ct. of Cl. No. 2019-0645JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 11, 2021

**On brief:** *Theodore Jackson*, pro se. **Argued**: *Theodore Jackson.*

**On brief:** *David Yost*, Attorney General, and *Stacy Hannan*, for appellee. **Argued**: *Stacy Hannan.*

APPEAL from the Court of Claims of Ohio

MENTEL, J.

{¶ 1} Plaintiff-appellant, Theodore Jackson, appeals from a judgment of the Court of Claims of Ohio granting the motion for summary judgment of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} Appellant has an extensive criminal history dating back to 1978. Relevant to this appeal, appellant was admitted into the custody of appellee on October 23, 2006 under

inmate number A513-915[1] after being convicted of two counts of drug possession, felonies of the fifth degree. Appellant was sentenced to serve two concurrent nine-month sentences.

{¶ 3} On August 31, 2007, appellant was restored to parole on inmate number A399-526.[2] On May 9, 2008, appellant was declared a parole violator and restored to parole on December 10, 2008. According to Debra Warren, Correctional Records Sentence Computation Auditor for the Bureau of Sentence Computation, "[s]ince the maximum portion of an inmate's sentence is running while he is on parole, if he is declared a parole violator then the maximum term stops running while he is at large. In Mr. Jackson's case, each time he was declared a parole violator, ODRC added each day at large to his maximum sentence expiration date." (Aff. of Warren at ¶ 12.) Consequently, 215 days of lost time were added to appellant's maximum stated term. On June 16, 2009, appellant was again declared a parole violator and was restored to parole on December 13, 2009. As a result, an additional 180 days of lost time were added to appellant's maximum sentence expiration date.

{¶ 4} On July 15, 2010, appellant was admitted to the custody of appellee and assigned inmate number A590-406 for a one-year term of incarceration for attempted escape, a felony of the third degree. As a result of his new felony conviction, appellant's inmate files were aggregated.

{¶ 5} Warren explains:

> When an inmate is released on parole, commits a new crime, and returns to ODRC custody, he is issued a new inmate number because of the new conviction(s) and sentence(s). Since the inmate's parole time is still running at the time of his reincarceration, ODRC aggregates, or combines, the inmates['] files by bringing the indefinite term(s) that he is still serving forward onto the file of the new number. The inmate must then serve the sentence on the new number before he can be released to parole again. If a new sentence is ordered to be served concurrent with his prior parole sentence then an inmate's maximum sentence expiration date will not change. If

---

[1] According to Debra Warren, Correctional Records Sentence Computation Auditor for the Bureau of Sentence Computation, appellee assigns inmate numbers when they are admitted to custody. (Nov. 22, 2019 Aff. of Debra Warren at ¶ 4.) These inmate numbers are used for internal organizational purposes.

[2] As explained by Warren, "Mr. Jackson's files were aggregated, but his parole was not revoked prior to serving his nine-month concurrent sentences. Mr. Jackson's file was therefore de-aggregated, and his inmate number A513-915 was released since the expiration of the stated term connected to that number expired." (Aff. Of Warren at ¶ 10.)

a new sentence is ordered to be served consecutive to his prior parole sentence, then that time must be added to the inmate's maximum sentence expiration date. For Mr. Jackson, that means that the indefinite term of his prior conviction was brought forward and combined with his new number/file each time he was convicted and sentenced while on parole.

(Aff. of Warren at ¶ 6.)

{¶ 6} On November 16, 2010, the Adult Parole Authority ("APA" or "parole board") moved to revoke appellant's parole based on obtaining a new conviction while on parole. On November 23, 2010, the parole board revoked appellant's parole and continued his sentence until the expiration of his stated term on A590-406. As a result, appellant's parole was revoked, and his inmate files were aggregated with his prior cases. It was later discovered that the parole board minutes and PVR/Kellogg Screening document include a typographical error stating appellant's parole was revoked on inmate number A513-915 instead of the correct number, A399-526. In 2013, the APA amended the minutes to correct the typographical error. (Am. Special Minutes and DPV/Kellogg Document, Ex. B-4.) According to Jamie O'Toole-Billingsley, Executive Assistant for the Ohio Parole Board, the inmate numbers are used for internal organization and identification and have no consequences outside appellee's administrative functioning. On February 4, 2019, appellant was paroled. Based on appellant's time as a parole violator, appellee added each day at large to the maximum sentence expiration date, which is now August 27, 2039.[3]

{¶ 7} On May 21, 2019, appellant filed a complaint alleging causes of action for a civil rights claim (Count 1), false imprisonment (Count 2), negligent infliction of emotional distress (Count 3), negligence (Count 4), and "malicious prosecution and/or abuse of process" (Count 5). Appellant's causes of action for a civil rights claim, negligent infliction of emotional distress, negligence, malicious prosecution, and abuse of process were alleged to arise under 42 U.S.C. 1983. Appellee filed an answer on June 18, 2019. The parties engaged in several rounds of discovery. Relevant to this appeal, on September 23, 2019, appellant filed a motion for requests for admissions to be deemed admitted and motion to compel discovery of detailed minutes. Appellant stated appellee had not responded honestly in its denial of several requests for admissions. On October 1, 2019, appellee

---

[3] The maximum sentence expiration date reflects additional time from previous cases not recited in this opinion.

opposed the motion stating the responses to the requests for admission were consistent with Civ.R. 36. On October 24, 2019, the magistrate denied appellant's motions.

{¶ 8} On December 6, 2019, appellee filed a motion for summary judgment on all claims. On December 31, 2019, appellant filed a memorandum contra to appellee's motion for summary judgment contending that there is a genuine issue of material fact that appellant was falsely imprisoned. A reply brief was filed on January 9, 2020.

{¶ 9} On December 31, 2019, appellant also filed a motion for leave to file a motion for summary judgment and a motion for summary judgment requesting the court allow him to file beyond the December 6, 2019 dispositive motion deadline. Appellant argued that he should be allowed to file beyond the deadline because he was waiting on outstanding discovery from appellee. On January 16, 2020, appellee filed a memorandum in opposition to appellant's motion for leave.

{¶ 10} On March 10, 2020, the trial court denied appellant's request for leave to file a motion for summary judgment beyond the dispositive motion deadline and granted appellee's motion for summary judgment in its entirety. The trial court concluded that appellant's false imprisonment claim should be dismissed as he was incarcerated pursuant to a facially valid sentencing order. Regarding the remaining causes of action, the trial court stated that appellant's claims for negligent infliction of emotional distress, negligence, malicious prosecution, and abuse of process were based on the decision by the parole board to revoke appellant's parole, and it lacked jurisdiction to review such a decision.

{¶ 11} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 12} Appellant assigns the following as trial court error:

> [I.] THE OHIO COURT OF CLAIMS ERRED WHEN IT FOUND TRUTHFUL APPELLEE-DEFENDANT'S GENERAL DENIALS MADE IN BAD FAITH TO APPELLANT-PLAINTFF'S REQUEST FOR ADMISSIONS WERE SUFFICIENT UNDER CIV. R. 36.

> [II.] THE COURT OF CLAIMS ERRED WHEN IT DENIED APPELLANT-PLAINTIFF MOTION FOR LEAVE AND MOTION FOR SUMMARY JUDGMENT WHERE HE'D OBTAINED INTERROGATORY EVIDENCE LATE.

> [III.] THE OHIO COURT OF CLAIMS ERRED WHEN IT DETERMINED APPELLELLEE -DEFENDANT THE OHIO

DEPARTMENT OF REHABILITATION & CORRECTION IMPRISONED APPELLANT-PLAINTIFF ON A PAPER THAT WAS FACIALLY VOID.

(Sic passim.)

## III. LEGAL ANALYSIS

### A. Appellant's First Assignment of Error

{¶ 13} In his first assignment of error, appellant argues the trial court erred by accepting that appellee's responses to the requests for admissions were sufficient under Civ.R. 36. We disagree.

{¶ 14} The trial court is given wide latitude in discovery matters. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." *State v. Sage*, 31 Ohio St.3d 173, 180 (1987). We review the trial court's ruling of discovery matters under an abuse of discretion analysis. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 52, citing *State ex rel. Duncan v. Middlefield*, 120 Ohio St.3d 313, 2008-Ohio-6200, ¶ 27. Abuse of discretion is more than an error of law but suggests that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, ¶ 18, citing *State ex rel. Worrell v. Ohio Police & Fire Pension Fund*, 112 Ohio St.3d 116, 2006-Ohio-6513, ¶ 10. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." (Emphasis sic.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 15} Civ.R. 36(A) states in relevant part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. * * *

(1) Each matter of which an admission is requested shall be separately set forth. * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(2) If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ.R. 37(C), deny the matter or set forth reasons why the party cannot admit or deny it.

{¶ 16} After a careful review of the record, we find the trial court did not abuse its discretion determining that appellee's responses to appellant's requests for admission complied with Civ.R. 36. In its response, appellee asserted a series of general objections then proceeded to answer each of appellant's requests for admissions as follows:

3. Admit no Ohio Parole Board minutes were issued prior to expiration of 1 yr. sentence in Cuyahoga County case no. CR-09-527856-A?

**RESPONSE: Deny.**

* * *

5. Admit that Defendant, via its agents, representatives, and/or otherwise, wrongfully confined Plaintiff intentionally without lawful privilege and against his consent within a limited area in prison from 1/30/2011 through 02/02/2019?

**RESPONSE: Deny.**

6. Admit that the Defendant without authority ordered the Plaintiff to serve 2,924 after one-year sentence terminated?

**RESPONSE: Deny**

7. Admit if plaintiff's parole was not revoked via Ohio Parole Board minutes via R.C. 2967.15 he must be release[d] under terms of original parole?

**RESPONSE: Deny.**

8. Admit for a parole to be revoked the Ohio Parole Board must issue Official Minutes see R.C. 2967.01(L)?

**RESPONSE: Deny.**

(Jul. 22, 2019 Def. Responses to Request for Admissions and Request for Production of Documents.)

{¶ 17} Here, appellee did not assert that it cannot truthfully respond to the questions but denied the substance of appellant's requests for admissions. Appellant points to nothing in the record to indicate that appellee's responses were not in good faith or an unqualified admission or denial. As such, we find the trial court did not abuse its discretion in denying appellant's motion for requests for admissions 3, 5, 6, 7, and 8 to be deemed admitted.

{¶ 18} Regarding appellant's motion to compel, we find the trial court did not abuse its discretion in deeming the motion moot as appellee had responded to the discovery requests at issue. Moreover, we also agree with the trial court that appellant failed to confer with appellee before filing a motion to compel in contravention of Civ.R. 37(A)(1).

{¶ 19} Accordingly, we overrule appellant's first assignment of error.

**B. Appellant's Second Assignment of Error**

{¶ 20} In his second assignment of error, appellant alleges the trial court erred when it denied his motion for leave and motion for summary judgment. For the reasons that follow, we disagree.

{¶ 21} Pursuant to Civ.R. 6(B):

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period

> enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

{¶ 22} It is well-settled law that Civ.R. 6(B) provides the trial court broad discretion concerning procedural matters. *Williams v. Am. Homes 4 Rent Mgt. Holdings, LLC*, 10th Dist. No. 18AP-627, 2019-Ohio-3740, ¶ 27, citing *State ex rel. Lindenschmidt v. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995). We review a trial court's Civ.R. 6(B) ruling under an abuse of discretion standard. *Id.*

{¶ 23} In the instant case, the trial court set the dispositive motion deadline for December 6, 2019. (Jul. 18, 2019 Scheduling Order.) On December 31, 2019, appellant filed a motion for leave to file a motion for summary judgment and a motion for summary judgment. The record indicates appellant filed his first set of interrogatories on November 7, 2019; third requests for admission on November 9, 2019; second set of interrogatories on November 12, 2019; and requests for production of documents and videotapes on November 18, 2019. Appellee provided responses to appellant's interrogatories, requests for production, and requests for admissions within the required 28-day period after service. Civ.R. 33, 34, and 36. While the discovery deadline was set for November 22, 2019, appellant provided no explanation for failing to request an extension of the dispositive motion deadline or why he waited until so late in the case schedule to request discovery.[4] As the trial court is given broad discretion under Civ.R. 6(B), we find the denial of motion for leave to file a motion for summary judgment reasonable and not an abuse of discretion.

{¶ 24} As such, we overrule appellant's second assignment of error.

### C. Appellant's Third Assignment of Error

{¶ 25} In his final assignment of error, appellant argues the trial court erred when it imprisoned him on what he alleges was a facially void document. As the substance of appellant's arguments appear to focus on the trial court's decision to grant appellee's

---

[4] Moreover, the trial court indicated that it reviewed appellant's motion for summary judgment and concluded that the arguments asserted in the motion were identical to those asserted in his memorandum contra. After careful review of the record, we agree with the trial court's characterization of appellant's filings. Accordingly, we conclude appellant suffered no prejudice from the denial of his motion for leave to file a motion for summary judgment.

motion for summary judgment, we will interpret his assignment of error under such standard.

{¶ 26} Pursuant to Civ.R. 56(C), summary judgment is appropriate when the moving party establishes that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. *Sourial v. Nationwide Mut. Ins. Co.*, 10th Dist. No. 17AP-731, 2018-Ohio-2528, ¶ 19. "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims." *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party meets its burden, the nonmoving party must set forth precise facts that demonstrate a genuine issue of fact for trial. *Id.*, citing Civ.R. 56(E); *Dresher* at 293. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

{¶ 27} We review a trial court's ruling on a motion for summary judgment de novo. *Gabriel v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 14AP-870, 2015-Ohio-2661, ¶ 12, citing *Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. No. 14AP-232, 2014-Ohio-3935, ¶ 5. De novo review requires the reviewing court to conduct an independent analysis without deference to the trial court's decision. *Gabriel* at ¶ 12, citing *Byrd* at ¶ 5, citing *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992).

{¶ 28} As an initial matter, it is clear from the complaint that appellant's false imprisonment claim is premised on the parole board's revocation of his parole. "The mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court." *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-861, 2008-Ohio-2299, ¶ 11, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 19. As such, to determine jurisdiction we must look

beyond the language in the complaint and consider the underlying nature of the claims. *Guillory* at ¶ 11. Here, appellant argues the parole board wrongfully revoked his parole based on the typographical error. We have consistently held that the parole board's decision to grant or revoke parole is an executive function regarding a high degree of official judgment. *Deavors v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 98AP-1105 (May 20, 1999). Generally, " 'the state cannot be sued in the Court of Claims for its legislative or judicial functions, or the exercise of an executive function involving a high degree of official discretion or judgment.' " *McDougald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 17AP-776, 2018-Ohio-2315, ¶ 14, quoting *Deavors*, citing *Reynolds v. State*, 14 Ohio St.3d 68, 70 (1984). The Court of Claims has no jurisdiction to review a cause of action challenging the parole board's decision to revoke parole. *Duff v. Ohio Adult Parole Auth.*, 10th Dist. No. 16AP-851, 2017-Ohio-8895. A typographical error does not affect the authority of the APA to revoke parole. As such, to the extent that appellant challenges the parole board's authority or decision to revoke his parole, the Court of Claims lacks jurisdiction.

{¶ 29} Regardless, even if we were to consider appellant's allegations as a claim for false imprisonment, the cause of action must still be dismissed. "False imprisonment occurs when a person intentionally confines another, without a lawful privilege and against that person's consent, within a limited area for any appreciable time." *Baker v. Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-987, 2012-Ohio-1921, ¶ 12, citing *Feliciano v. Krieger*, 50 Ohio St.2d 69, 71 (1977). To bring a meritorious claim for false imprisonment against the state, an individual must be able to demonstrate: "(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists." *Wash v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-830, 2020-Ohio-3385, ¶ 22. Pursuant to R.C. 2743.02, the state may be held liable for false imprisonment of its prisoners. The state may not be held liable on a claim "when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face." *Fisk v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-432, 2011-Ohio-5889, ¶ 12, citing *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 9. "Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be

void." *McKinney* at ¶ 9, citing *Bradley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 07AP-506, 2007-Ohio-7150, ¶ 11; *Roberson v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 03AP-538, 2003-Ohio-6473, ¶ 9; *Likes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 05AP-709, 2006-Ohio-231, ¶ 10.

{¶ 30} Here, appellant does not dispute the validity of the sentencing entry imposing a one-year term of incarceration following his conviction for attempted escape. There is also no dispute that the APA has the authority to revoke appellant's parole for the new felony offense or that appellant was on parole supervision when he was convicted of attempted escape. As set forth in the record, appellant's maximum sentence expires in August 2039. On November 23, 2010, appellant's parole was revoked resulting in the additional period of incarceration beyond the one-year sentence for the new felony offense. The typographical error in a sentencing entry does not affect the authority of the APA to revoke appellant's parole for a new felony offense or validity of the parole revocation. As appellant's term of incarceration was consistent with the time imposed for his revoked sentence as well as the new felony conviction of attempted escape, there is no evidence that appellant was held beyond the lawful term of confinement. As such, appellant was incarcerated on a facially valid sentencing entry. Considering the evidence in a light most favorable to appellant, there are no set of facts in this case that would entitle appellant to recover for false imprisonment.

{¶ 31} Appellant's constitutional causes of action under 42 U.S.C. 1983 also fail as the trial court lacks jurisdiction over the claims. It is well-settled law that the Court of Claims is a court of limited jurisdiction and has no subject-matter jurisdiction over causes of action arising under 42 U.S.C. 1983 or potential violations of constitutional rights. *Evans v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 19AP-743, 2020-Ohio-3191, ¶ 10, citing *Cotten v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-935, 2014-Ohio-2619, ¶ 18, citing *Guillory* at ¶ 12 (writing it is "well established that the Court of Claims lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under" 42 U.S.C. 1983). Accordingly, to the extent that appellant brings causes of action arising under 42 U.S.C. 1983 against appellee, the Court of Claims lacks jurisdiction.

{¶ 32} Moreover, even if we were to consider appellant's causes of action for negligence, negligent infliction of emotional distress, malicious prosecution, and abuse of

process under the common law, appellant's claims would still be dismissed. Appellant's claims are premised on the belief that the APA erred in revoking his parole after the new felony conviction. As set forth previously, using particular legal terms to couch claims in a complaint does not confer jurisdiction upon the court. *Guillory* at ¶ 11, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, ¶ 19. A court must determine jurisdiction based on the substance of the claims in the complaint. *Guillory* at ¶ 11.

**{¶ 33}** In the instant case, the substance of appellant's claims all relates to the decision of the APA to revoke appellant's parole after he was convicted of attempted escape. As such, the Court of Claims lacks jurisdiction to review the APA's decision to revoke appellant's parole.

**{¶ 34}** Accordingly, we overrule appellant's third assignment of error.

## IV. CONCLUSION

**{¶ 35}** Having overruled appellant's three assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN, P.J. and KLATT, J., concur.

_____