[Cite as *Maxwell v. Lombardi*, 2022-Ohio-1686.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Joy L. Maxwell, Individually and as     :
Administrator of the Estate of
Robert P. Maxwell, Deceased,     :     No. 21AP-556
    (C.P.C. No. 19CV-352)
    Plaintiffs-Appellants,     :
    (REGULAR CALENDAR)
v.     :

Adolph V. Lombardi, Jr., M.D. et al.,     :

    Defendants-Appellees.     :

D E C I S I O N

Rendered on May 19, 2022

**On brief:** *Elk & Elk Co., Ltd.*, and *R. Craig McLaughlin*, for appellant Joy L. Maxwell, individually and as administrator of the estate of Robert P. Maxwell, deceased. **Argued:** *R. Craig McLaughlin*

**On brief:** *Poling Law*, *Brant E. Poling*, and *Sabrina S. Sellers*, for appellees Adolph V. Lombardi, Jr., M.D. and Joint Implant Surgeons, Inc. **Argued:** *Brant E. Poling*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Joy L. Maxwell, individually and as administrator of the estate of Robert P. Maxwell, appeals from the July 27, 2021 entry granting leave for defendants-appellees, Adolph V. Lombardi, Jr., M.D. and Joint Implant Surgeons, Inc., to file a motion for summary judgment and the October 1, 2021 decision and entry granting the motion for summary judgment of appellees. For the reasons that follow, we affirm, in part, and reverse, in part.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}    On January 30, 2015, appellant filed her initial complaint. *Maxwell et al. v. Lombardi et al.*, Franklin C.P. No. 15CV-892.   Pursuant to Civ.R. 41(A), appellant voluntarily dismissed the complaint on January 18, 2018.  Appellant refiled her complaint on January 14, 2019 alleging causes of action for survivorship, loss of consortium, and wrongful death.  Appellees filed their answer on May 7, 2019.

{¶ 3}    According to appellant's complaint, on August 21, 2013, Dr. Lombardi performed a total hip replacement surgery on the decedent, Mr. Maxwell.  Following the procedure, Mr. Maxwell was sent home that same day.   On September 2, 2013, approximately two weeks after the procedure, Mr. Maxwell died from a pulmonary embolism.   Appellant provided an affidavit of merit by Dr. Steven Graboff with her complaint.   Relevant to the instant case, Dr. Graboff, a board-certified physician in orthopedic surgery, wrote, after reviewing the available medical records and documents in the case, he believed, to a reasonable degree of medical certainty, Dr. Lombardi and Joint Implant Surgeons, Inc., breached the standard of care by causing unnecessary injuries and damage to the decedent, which ultimately led to his death on September 2, 2013. (Jan. 14, 2019 Compl.; Aff. of Merit, ¶ 4-6.)  The initial dispositive motion deadline in this case was set for June 5, 2020.  The deadline passed and this case was set for trial on September 21, 2020.  The trial was subsequently continued and reset for October 18, 2021.  (Feb. 2, 2021 Mag. Sched. Notice.)

{¶ 4}    On December 23, 2020, the Supreme Court of Ohio released its decision in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827.  On April 28, 2021, appellees filed a motion for leave to file a motion for summary judgment instanter.  Appellees argued that based on the recent ruling in *Wilson*, they should be permitted leave to file a motion for summary judgment as appellant failed to file her amended complaint within the statute of repose for medical claims as set forth in R.C. 2305.113(C).  On May 12, 2021, appellant filed a memorandum contra arguing that appellees had failed to demonstrate excusable neglect for filing the motion for summary judgment after the dispositive motion deadline had passed.  A reply brief was filed on May 17, 2021.

{¶ 5}    On July 27, 2021, the trial court granted appellees' motion for leave to file their motion for summary judgment instanter and deemed the motion filed as of the date

of the order.  On August 24, 2021, appellant filed a motion in opposition.  Relevant to the instant appeal, appellant argued that the wrongful death claim did not fall under the medical malpractice statute of repose. As such, appellant argued that the holding in *Wilson* was inapplicable to the instant case.  A reply brief was filed on August 27, 2021.

{¶ 6}    On October 1, 2021, the trial court granted appellees' motion for summary judgment in its entirety.  The trial court found that the statute of repose for medical malpractice claims, R.C. 2305.113(C), applied to appellant's wrongful death claim as the underlying cause of action was derived from a medical claim.  The trial court found that based on the "plain and unambiguous language of R.C. 2305.113(C) and * * * *Wilson*" appellant's "wrongful death action is time barred as a matter of law, and [appellees] are entitled to summary judgment."  (Oct. 1, 2021 Dec. & Entry at 6.)

{¶ 7}    Appellant filed a timely appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}    Appellant assigns the following as trial court error:

> [1] The Trial Court Erred in Granting Leave for Appellees to File a Motion for Summary Judgment.

> [2] The Trial Court Erred in Granting Summary Judgment in Favor of Appellees.

## III.  LEGAL ANALYSIS

### A.  Appellant's First Assignment of Error

{¶ 9}    In appellant's first assignment of error, she argues that the trial court erred in granting appellees' motion for leave to file a motion for summary judgment.

{¶ 10}  It is well-established law that the trial court has broad discretion regarding procedural matters.  *Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-233, 2021-Ohio-1642, ¶ 22, citing *Williams v. Am. Homes 4 Rent Mgmt. Holdings, LLC*, 10th Dist. No. 18AP-627, 2019-Ohio-3740, ¶ 27, citing *State ex rel. Lindenschmidt v. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995).  Civ.R. 6(B) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order,

or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

{¶ 11} When resolving whether neglect is excusable, "all the surrounding facts and circumstances must be taken into consideration." *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 14 (1997). "Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances." *Id*. While a court should consider the potential prejudice to the opposing party, a court should also be mindful that, ideally, cases should be resolved on the merits, not on procedural grounds. *Huntington Natl. Bank. v. Haehn*, 10th Dist. No. 17AP-342, 2018-Ohio-4837, ¶ 26, citing *Kaur v. Bharmota*, 10th Dist. No. 05AP-1333, 2006-Ohio-5782, ¶ 9; *Lindenschmidt* at 466.

{¶ 12} Accordingly, we review whether the trial court erred in granting leave to file a motion for summary judgment under an abuse of discretion analysis. *Jackson* at ¶ 22. Abuse of discretion is a determination by the trial court that is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). The Supreme Court has recently clarified this standard, however, noting that all "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, Slip. Opinion No. 2021-Ohio-3304, ¶ 39, ___Ohio St.3d___.

{¶ 13} In the case sub judice, the initial dispositive motion deadline was set for June 5, 2020. The deadline passed and this matter was scheduled for trial on September 21, 2020. The trial was subsequently continued and reset for October 18, 2021. (Feb. 2, 2021 Mag. Sched. Notice.) On December 23, 2020, the Supreme Court released its decision in *Wilson*. On April 28, 2021, appellees filed a motion for leave to file a motion for summary judgment citing the recent release of the *Wilson* decision. On July 27, 2021, the trial court granted the motion writing that "[g]iven the circumstances presented in [appellees'] request, [appellees] have sufficiently shown excusable neglect; therefore, the Court finds [appellees'] motion for leave well taken." (Jul. 27, 2021 Entry.) Upon review, as the trial court is given broad discretion under Civ.R. 6(B), we conclude that granting appellees' motion for leave to file a motion for summary judgment was reasonable and not an abuse of discretion. Appellees had previously filed a motion for judgment on the pleadings, which was denied by the trial court in 2019. (Apr. 16, 2019 Dec. & Entry.) Given

*Wilson* was decided after the dispositive motion deadline had expired, it is not unreasonable for the trial court to consider the motion for leave was the result of excusable neglect under Civ.R. 6. Moreover, as the trial court interpreted *Wilson* to apply to the instant case, allowing this matter to be resolved through a motion for summary judgment, instead of denying the motion on procedural grounds, likely saved the parties time and expense only for a similar result at a subsequent proceeding. As such, any error in granting appellees' leave to file the motion for summary judgment was harmless.

**{¶ 14}** Accordingly, we overrule appellant's first assignment of error.

### B. Appellant's Second Assignment of Error

**{¶ 15}** In appellant's second assignment of error, she argues that the trial court erred in granting appellees' motion for summary judgment.[1]

**{¶ 16}** Summary judgment is appropriate if " 'the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.' " *2454 Cleveland, LLC v. TWA, LLC*, 10th Dist. No. 19AP-157, 2020-Ohio-362, ¶ 8, quoting *Capella III, LLC v. Wilcox*, 10th Dist. No. 10AP-206, 2010-Ohio-4746, ¶ 16, citing *Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, ¶ 6. When considering on a motion for summary judgment, the court is required to resolve all questions and construe the evidence in favor of the nonmoving party. *2454 Cleveland, LLC* at ¶ 8, citing *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8. Pursuant to Civ.R. 56(C), the moving party bears the initial burden of providing the trial court grounds for the motion and identifying those parts of the record that establish the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party, however, cannot meet this initial burden with a conclusory declaration that the nonmoving party has no evidence to support its case; the moving party must identify specific evidence, as listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support its claims. *Id.* Once the moving party meets this initial burden,

---

[1] Subsequent to briefing in this case, appellant has withdrawn her appeal concerning whether the trial court erred in dismissing the survivorship and loss of consortium claims in its October 1, 2021 decision and entry. (Apr. 7, 2022, Notice.) Accordingly, we will limit our analysis as to whether the trial court erred in granting appellees' motion for summary judgment to the wrongful death claim.

summary judgment is warranted if the nonmoving party does not respond, by affidavit or other evidence as otherwise identified in Civ.R. 56, with particular facts demonstrating that a genuine issue exists in the case. *Dresher* at 293; Civ.R. 56(E). When the evidence offered supports conflicting inferences, the court reviewing a summary judgment motion may not weigh the evidence. *DN Reynoldsburg v. Maurices Inc.*, 10th Dist. No. 20AP-57, 2022-Ohio-949, ¶ 17, citing *Thyssen Krupp Elevator Corp. v. Constr. Plus, Inc.*, 10th Dist. No. 09AP-788, 2010-Ohio-1649, ¶ 20.

{¶ 17} A reviewing court considers a trial court's grant of a motion for summary judgment under a de novo standard of review. *DN Reynoldsburg* at ¶ 16, citing *Capella III*, at ¶ 16, citing *Andersen v. Highland House Co.*, 93 Ohio St.3d 547, 548, 2001-Ohio-1607. " '[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision.' " (Internal quotations and citations omitted.) *2454 Cleveland, LLC* at ¶ 8, quoting *Holt v. State*, 10th Dist. No. 10AP-214, 2010-Ohio-6529, ¶ 9.

{¶ 18} This matter concerns the application of the medical malpractice statute of repose, R.C. 2305.113(C), to a statutory wrongful death claim. This court has recently addressed the same issue in *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. No. 21AP-74, 2022-Ohio-629. In *Everhart*, the trial court granted a motion for judgment on the pleadings finding that the plaintiff's wrongful death claim was barred by the four-year statute of repose in R.C. 2305.113(C) as the claim was a medical claim as defined in the statute. *See* R.C. 2305.113(E). This court disagreed finding that R.C. 2125.02, which provides time limitations on wrongful death claims, did not set forth a statute of repose for wrongful death in this context. We also examined the medical malpractice statute regarding time limitations writing, "[t]here is not a single reference to wrongful death in R.C. 2305.113." *Everhart* at ¶ 25. We, therefore, concluded that as the statute of repose for medical malpractice, set forth in R.C. 2305.113(C), did not apply, the trial court erred in finding the plaintiff was barred from pursuing her wrongful death claim. *Id.* at ¶ 51. This court reaffirmed this interpretation in *McCarthy v. Lee*, 10th Dist. No. 21AP-105, 2022-Ohio-1033, writing "[c]onsistent with our decision in *Everhart*, we find that wrongful death claims under R.C. 2125 are not medical claims within the meaning of R.C. 2305.113." *Id.* at ¶ 33, citing *Everhart* at ¶ 51. The *McCarthy* court ultimately found that the plaintiffs'

wrongful death claims were not barred by the statute of repose in R.C. 2305.113(C) and remanded the case with instructions to vacate the portion of the trial court decision that dismissed the wrongful death claim. *Id.* at ¶ 34.

{¶ 19} In the case sub judice, appellees have presented the same arguments addressed extensively in our prior decisions. Accordingly, on the authority of *Everhart* and *McCarthy*, we find the trial court erred in its October 1, 2021 decision and entry granting appellees' motion for summary judgment that found appellant's statutory wrongful death claim was barred under the medical malpractice statute of repose set forth in R.C. 2305.113(C). The trial court is instructed to vacate the portion of its October 1, 2021 decision and entry that dismissed appellant's wrongful death claim for failure to comply with the statute of repose.

{¶ 20} Accordingly, we sustain appellant's second assignment of error.

## IV. CONCLUSION

{¶ 21} Having overruled appellant's first assignment of error and sustained appellant's second assignment of error, we reverse and remand this matter to the Franklin County Court of Common Pleas for proceedings consistent with law and this decision.

*Judgment affirmed in part;*
*reversed in part; and*
*cause remanded.*

KLATT, and BEATTY BLUNT, JJ., concur.

————————