[Cite as *Foy v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-2327.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| RAYMOND FOY | Case No. 2023-00528JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} On April 3, 2024, Defendant, Ohio Department of Rehabilitation and Correction (ODRC) filed a Motion for Summary Judgment pursuant to Civ.R. 56(C). Plaintiff received an extension of time to file a response by May 8, 2024; however, Plaintiff filed an untimely response on May 13, 2024, that will not be considered. Pursuant to L.C.C.R. 4(D), the Motion for Summary Judgment is now before the Court for a non-oral hearing. For the reasons stated below, the Court GRANTS Defendant's Motion for Summary Judgment.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is

> adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St. 3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Background**

{¶4} Plaintiff alleges that defendant is liable for false imprisonment. Plaintiff asserts that, in March 2023, Defendant's employee, Case Manager Diven, referred Plaintiff to ODRC's Community Sanction Department to serve 120 days at the Oriana House following his release from prison. Complaint, at ¶ 8. Plaintiff claims that ODRC did not have authority to confine him without leave from the sentencing court pursuant to R.C. 2929.16(A). *Id.* at ¶ 11. Accordingly, Plaintiff believes that his required post-release supervision at Oriana House amounts to false imprisonment. Plaintiff seeks $80,000 in damages. *Id.* at ¶ 32.

{¶5} In seeking summary judgment, Defendant argues that Plaintiff's false imprisonment claim fails as a matter of law because plaintiff was incarcerated and/or subject to post-release control pursuant to a facially valid sentencing entry. Defendant also argues that it is entitled to discretionary immunity regarding the Adult Parole

Authority's (APA) decision to place Plaintiff on post-release control. In support of their motion, Defendant submitted the affidavit of Parole Officer John Zubick (Mr. Zubick), a Parole Officer for the APA, as well as several documents including the sentencing entries associated with Plaintiff's convictions, and various notices and orders.

**Facts**

{¶6} Mr. Zubick detailed Plaintiff's history with ODRC as well as facts relative to his 2006 sentence. On August 21, 2006, Plaintiff was convicted by a jury of aggravated robbery and various felony firearms offenses and sentenced to a 14-year prison term, a mandatory term of post-release control, and was admitted to ODRC's custody. Zubick Affidavit, ¶¶ 6-11, Exhibit B. While serving this sentence, on February 8, 2010, Plaintiff pled guilty to one count of felonious assault and was sentenced by the Trumbull Court of Common Pleas to an additional three years of imprisonment with a mandatory post-release control under the supervision of the APA. Zubick Affidavit, ¶ 4, Exhibit A-2. Plaintiff's maximum release date from these sentences was May 10, 2023, with Plaintiff's mandatory post release control not set to end until May 2028. Zubick Affidavit, Exhibit A-6. Both the 2006 and 2010 sentencing entries state: Plaintiff "* * * is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control." Zubick Affidavit, ¶ 12, Exhibit B; ¶ 4, Exhibit A-2. On May 10, 2023, Plaintiff's prison sentence ended, at which time Plaintiff was released from ODRC to APA under post-release control. Zubick Affidavit, ¶ 16. Plaintiff signed notices regarding the conditions of his post-release control, which included residence and supervision at the Oriana House Residential Institution Probation Program. Zubick Affidavit, Exhibit A-5; Exhibit A-7; Exhibit A-8.

**Law and Analysis**

{¶7} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab.* & *Corr.,* 60 Ohio St.3d. 107, 109, 573 N.E.2d 633 (1991), quoting *Feliciano v. Kreiger,* 50 Ohio St.2d 69, 71, 362 N.E.2d 646 (1977). Pursuant to R.C. 2743.02(A)(1), "'the state may be held liable for the false

imprisonment of its prisoners.'" *Abercrombie v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 16AP-744, 2017-Ohio-5606, ¶ 9, quoting *Bennett* at paragraph two of the syllabus.

{¶8} However, the state may not be held liable on a claim for false imprisonment "'when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face.'" *Jackson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 20AP-233, 2021-Ohio-1642, ¶ 29, quoting *Fisk v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-432, 2011-Ohio-5889, ¶ 12, citing *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-960, 2010-Ohio-2323, ¶ 9; *Brandon v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 20AP-211, 2021-Ohio-418, ¶ 17 (The state may not be held liable for false imprisonment "when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face."); *Williams v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 09AP-77, 2009-Ohio-3958, ¶ 12 ("However, an action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face.").

{¶9} "'Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void.'" *Jackson* at ¶ 29, quoting *McKinney* at ¶ 9, citing *Bradley v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 07AP-506, 2007-Ohio-7150, ¶ 11 ("[T]he state is immune from liability even though the facially valid judgment or order was later determined to be void."); *Roberson v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 03AP-538, 2003-Ohio-6473, ¶ 9; *Likes v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 05AP-709, 2006-Ohio-231, ¶ 10.

{¶10} Further, an order is not facially invalid where the determination of invalidity requires consideration of extrinsic information or of case law. *Beachum v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 11AP-635, 2012-Ohio-673, ¶ 7 ("Facial invalidity does not require the consideration of extrinsic information or the application of case law.") Where the invalidity of a judgment is only apparent upon the application of case law, the judgment entry is not facially invalid. *McKinney,* at ¶ 12.

{¶11} "To prevail on a claim for false imprisonment against the state, a person must be able to demonstrate: '(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists.'"  *Brandon,* at ¶ 17, quoting *Wash v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 19AP-830, 2020-Ohio-3385, ¶ 22; see *Jackson,* at ¶ 29.

{¶12} Here, the uncontested affidavit of Mr. Zubick and the exhibits attached thereto establish that Plaintiff was, at all times relevant to his complaint, under the continued supervision of the APA pursuant to a sentencing entry that is valid on its face. Most importantly, the undisputed evidence establishes that Plaintiff was subject to post-release control at the time of his May 10, 2023 release and that such period of post-release control will not expire until May 2028.

{¶13} R.C. 2967.14(A) provides as follows: "The department of rehabilitation and correction or the adult parole authority may require or allow a parolee, a releasee, or a prisoner otherwise released from a state correctional institution to reside in a halfway house or other suitable community residential center that has been licensed by the division of parole and community services pursuant to division (C) of this section during a part or for the entire period of the offender's or parolee's conditional release or of the releasee's term of post-release control."  As a part of Plaintiff's post release control, the APA ordered Plaintiff to reside at the Oriana House Residential Institutional Probation Program, a half-way house where Plaintiff was permitted to leave the facility with the authorization of an Oriana caseworker.  There is no dispute that Plaintiff was not placed in a community based correctional facility or otherwise ordered to reside in a secure-locked facility at Oriana House.

{¶14} Further, to the extent Plaintiff seeks recovery for Defendant's decision to order him to reside at the Oriana House, the Court finds that Defendant's decision to order Plaintiff to reside at the Oriana House, a decision which is consistent with his sentencing entry, involves a high degree of discretion and that Defendant, therefore, is entitled to discretionary immunity.  *See Johnson v. Adult Parole Auth.*, 10th Dist. Franklin No. 99AP-522, 2000 Ohio App. Lexis 481 (Feb. 15, 2000) ("The APA's decision to grant or deny parole is an executive function involving a high degree of official judgment or discretion."); *Claren v. Adult Parole Authority*, Ct. of Cl. No. 2011-10924, 2011-Ohio-7034 ("the APA's

decision to revoke parole is an exercise of an executive function involving a high degree of official judgment or discretion pursuant to legislative authority and, as such, is not actionable under the discretionary immunity doctrine."); *Reynolds v. State*, 14 Ohio St.3d 68, 471 N.E.2d 776 (1984). As Defendant is entitled to immunity for ordering that Plaintiff reside at the Oriana House in accordance with the sentencing entry, the Court finds Plaintiff could prove no set of facts relative to these decisions which would entitle him to relief.

{¶15} Defendant having sustained its burden on summary judgment, the burden shifted to Plaintiff to demonstrate a genuine issue of material fact. However, Plaintiff failed to timely respond to Defendant's Motion for Summary Judgment. Thus, construing the evidence in a light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact that Plaintiff, at all relevant times, was incarcerated and/or on post-release control pursuant to facially valid sentencing judgments or entries. As such, the Court finds Plaintiff can prove no set of facts entitling Plaintiff to recovery for false imprisonment.

**Conclusion**

{¶16} Based upon the foregoing, the Court concludes that there are no genuine issues of material fact, and that Defendant is entitled to judgment as a matter of law. Therefore, Defendant's Motion for Summary Judgment is GRANTED, and judgment is hereby rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed May 17, 2024**
**Sent to S.C. Reporter 6/17/24**