[Cite as *Foy v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-4951.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| RAYMOND FOY | Case No. 2023-00713JD |
| Plaintiff | Judge Lisa L. Sadler<br>Magistrate Gary Peterson |
| v. | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| Defendant | |

{¶1} Plaintiff, formerly an inmate in the custody and control of Defendant, the Ohio Department of Rehabilitation and Correction (ODRC), brings this action for false imprisonment. Plaintiff's complaint raises two counts of false imprisonment wherein he alleges that "Judgment Entry 2009 CR 568, State v. Raymond Foy do not order ODRC to imprison plaintiff" and that he was not imprisoned according to the terms of "Judgment Entry 2009 CR 568 State v. Foy when it calculated Foy's sentence consecutive." Complaint, ¶ 6, 8. Defendant filed a motion for summary judgment, which has been fully briefed by the parties. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

**STANDARD OF REVIEW**

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion

for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 2004-Ohio-7108, ¶ 6, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317 (1977).

{¶4} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Starner v. Onda*, 2023-Ohio-1955, ¶ 20 (10th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations." *Id.* "Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial." *Hinton v. Ohio Dept. of Youth Servs.*, 2022-Ohio-4783, ¶ 17 (10th Dist.), citing *Dresher* at 293; *Vahila v. Hall*, 77 Ohio St.3d 421, 430 (1997); Civ.R. 56(E).

**BACKGROUND**

{¶5} Plaintiff brings this action for false imprisonment alleging that he was incarcerated pursuant to an invalid sentencing entry and that Defendant did not have lawful authority to confine him. The undisputed facts establish the following: On December 5, 2006, Plaintiff was admitted to ODRC custody after being found guilty by a jury of Aggravated Robbery, Having Weapons Under Disability, and a firearm specification. Affidavit of Keven Maher, ¶ 4. Following sentencing by the Stark County Court of Common Pleas, ODRC calculated Plaintiff's release date to be August 2, 2020. *Id*; Defendant's Exhibit A. ODRC thereafter received an entry granting Plaintiff jailtime credit, thus changing the expiration of his release date to May 15, 2020. *Id.* at ¶ 5; Defendant's Exhibit B.

{¶6} While Plaintiff was incarcerated, Plaintiff was prosecuted in Trumbull County for Felonious Assault. *Id.* at ¶ 6, 8. Plaintiff subsequently pled guilty in Case Number 2009 CR 568, and the Trumbull County Common Pleas Court sentenced Plaintiff to a 3-

year prison term for his Felonious Assault Conviction. *Id*; Defendant's Exhibit C. The sentencing entry ordered that the sentence be served consecutive to his prior conviction in Stark County. *Id*. After recalculating Plaintiff's term of imprisonment and applying necessary jailtime credit and 5 days of earned credits, Plaintiff's release date was recalculated to be May 10, 2023. *Id*. at ¶ 7. Plaintiff was subsequently released under post-release control on May 10, 2023. *Id*. Both sentencing entries were provided with Defendant's Motion for Summary Judgment, and ODRC did not note any irregularities or other invalidating characteristics regarding the judgment entries. *Id*. at ¶ 8; Defendant's Exhibits A and C. Plaintiff does not dispute any of the above facts.

**LAW**

{¶7} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.,* 60 Ohio St.3d. 107, 109 (1991), quoting *Feliciano v. Kreiger,* 50 Ohio St.2d 69, 71 (1977). Pursuant to R.C. 2743.02(A)(1), "'the state may be held liable for the false imprisonment of its prisoners.'" *Abercrombie v. Ohio Dept. of Rehab. & Corr.,* 2017-Ohio-5606, ¶ 9 (10th Dist.), quoting *Bennett* at paragraph two of the syllabus.

{¶8} However, the state may not be held liable on a claim for false imprisonment "'when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face.'" *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-1642, ¶ 29 (10th Dist,) quoting *Fisk v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-5889, ¶ 12 (10th Dist.), citing *McKinney v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2323, ¶ 9 (10th Dist.); *Brandon v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-418, ¶ 17 (10th Dist.) (The state may not be held liable for false imprisonment "when the imprisonment is in accordance with an order of a court, unless it appears that the order is void on its face."); *Williams v. Ohio Dept. of Rehab. & Corr.*, 2009-Ohio-3958, ¶ 12 (10th Dist.) ("However, an action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face.").

{¶9} "'Thus, the state is immune from a common law claim of false imprisonment when the plaintiff was incarcerated pursuant to a facially-valid judgment or order, even if the facially-valid judgment or order is later determined to be void.'"  *Jackson* at ¶ 29, quoting *McKinney* at ¶ 9, citing *Bradley v. Ohio Dept. of Rehab. & Corr.*, 2007-Ohio-7150, ¶ 11 (10th Dist.) ("[T]he state is immune from liability even though the facially valid judgment or order was later determined to be void."); *Roberson v. Dept. of Rehab. & Corr.*, 2003-Ohio-6473, ¶ 9 (10th Dist.); *Likes v. Ohio Dept. of Rehab. & Corr.*, 2006-Ohio-231, ¶ 10 (10th Dist.).

{¶10} Further, an order is not facially invalid where the determination of invalidity requires consideration of extrinsic information or of case law.  *Beachum v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-673, ¶ 7 (10th Dist.) ("Facial invalidity does not require the consideration of extrinsic information or the application of case law.")  Where the invalidity of a judgment is only apparent upon the application of case law, the judgment entry is not facially invalid.  *McKinney,* 2010-Ohio-2323, at ¶ 12.

{¶11} "To prevail on a claim for false imprisonment against the state, a person must be able to demonstrate: '(1) expiration of the lawful term of confinement, (2) intentional confinement after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists.'"  *Brandon,* 2021-Ohio-418, at ¶ 17, quoting *Wash v. Ohio Adult Parole Auth.*, 2020-Ohio-3385, ¶ 22 (10th Dist.); see *Jackson,* 2021-Ohio-1642*,* at ¶ 29.

{¶12} As stated previously, Plaintiff does not dispute any of the facts put forth by Defendant supporting its Motion for Summary Judgment.  Rather, Plaintiff argues that the Trumbull County sentencing entry 2009 CR 568 did not provide ODRC with a lawful privilege to imprison him as the entry is ineffective because it contains no time stamp by the clerk of the court and was not entered upon the journal.  Memorandum in opposition, pg. 4.  Plaintiff further argues that he was ordered to have his sentence run consecutive to "06 CR 830" not 2006 CR 00830 and that his sentence is thus invalid.  *Id.* at pg. 10.  Both arguments challenge ODRC's legal authority to confine Plaintiff.

{¶13} Upon review, there is nothing on the face of the sentencing entries that would suggest that the entries are invalid or that the sentencing entries are void.  Plaintiff provides no support for his contention that because the Trumbull County Common Pleas

Court referred to his prior case as "06 CR 830" rather than "2006 CR 00830" that somehow that reference renders the sentencing entry invalid. Plaintiff likewise failed to support his position that the stamp of "FILED COURT OF COMMON PLEAS FEB 18 2010 TRUMBULL COUNTY, OH KAREN IMFANTE ALLEN, CLERK" is in some way insufficient. In short, Plaintiff failed to create a genuine issue of material fact as the essential facts are not in dispute demonstrating that ODRC's confinement of Plaintiff was at all times pursuant to facially valid sentencing entries.

{¶14} Furthermore, to the extent Plaintiff's arguments would require ODRC to examine extrinsic evidence to determine whether Plaintiff's sentencing entry is voidable. The Tenth District Court of Appeals, however, has made clear that Defendant is not required or permitted to second-guess facially valid orders from the judiciary:

> "ODRC is not a court and is not to be held liable for failing to divine the procedural history of an inmate's case that what appears to be a facially valid order has defective roots that affect whether it should continue to hold a prisoner. ODRC cannot and should not second-guess facially valid orders from the judiciary."

*Mavroudis v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8649, ¶ 11 (10th Dist.). The undisputed evidence established that Plaintiff is incarcerated pursuant to facially valid sentencing entries.

{¶15} Even assuming that the sentencing entry contains an error, discovery of such an error would require Defendant to examine the underlying criminal proceedings to discover the defect and decide if the defect renders the judgment void, and Defendant is under no such burden. *Foy v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-1146 ¶ 20 (10th Dist.) (ODRC is under no burden to search the docket of a criminal case and decide if a defect renders a judgment void rather than merely voidable). Consequently, even if Plaintiff is correct in his assertion that there is a defect in his sentencing entry, Defendant is immune from liability for false imprisonment because Defendant confined Plaintiff pursuant to a facially valid sentencing entry. *Id.*

{¶16} Moreover, "[a] party who has had the opportunity to appeal a criminal conviction cannot substitute an action in the Court of Claims of Ohio for an appeal to the proper appellate court. Furthermore, the statute governing actions in the Court of Claims,

R.C. 2743.02, was not intended to confer jurisdiction for the Court of Claims to review criminal proceedings occurring in the court of common pleas." *Hughley v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-1768, ¶ 6 (10th Dist.) (cleaned up).

{¶17} Accordingly, Defendant met its burden by pointing to evidence, the sentencing entries, that demonstrate an absence of material fact. Plaintiff failed to meet his reciprocal burden by putting forth evidence demonstrating a disputed material fact. Thus, Defendant is entitled to judgment as a matter of law.

**CONCLUSION**

{¶18} Based upon the foregoing, the Court concludes that there are no genuine issues of material fact, and that Defendant is entitled to judgment as a matter of law. Therefore, Defendant's Motion for Summary Judgment is GRANTED, and judgment is hereby rendered in favor of Defendant. All previously scheduled events are VACATED. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed September 11, 2024**
**Sent to S.C. Reporter 10/14/24**